IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DEAN PURTTEMAN,                                      CV 07-977-MA

        Petitioner,                              OPINION AND ORDER

  v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

        Respondent.


    DEAN PURTTEMAN
    Federal Register Number 32299-086
    Federal Correctional Institution
    PO Box 5000
    Portland, OR  97378-5000

        Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:


1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

## Background

After pleading guilty to Bank Robbery in violation of 18 U.S.C. §§ 2113(a) on March 10, 2003, Petitioner was sentenced to 120 months imprisonment, 3 years of supervised release, and ordered to pay restitution in the amount of $27,550.91. Page four of the judgment stated that this amount of restitution was "due immediately" and that any unpaid amount "is to be paid during the period of supervision, as directed by the defendant's United States Probation Officer."

When Petitioner arrived at FCI Sheridan the BOP began withdrawing $25 from his prison bank account every three to six months, pursuant to the Inmate Financial Responsibility Program (IFRP). *See* 28 C.F.R. § 545.10, *et seq*. Petitioner requests that this Court issue a Writ of Habeas Corpus commanding the Respondent to, *inter alia*[1], cease collecting any restitution payments from him on the basis that the BOP does not have authority to "force" petitioner to pay his restitution because

---

[1] Petitioner also asks for the Court to command Respondent to identify Petitioner as "IFRP exempt", to vacate his "IFRP-refusal status" and to vacate associated sanctions imposed upon him, and to restore him to "the position he could have been but for the wrongful actions of the BOP."

2- OPINION AND ORDER

the sentencing court did not fix a restitution repayment schedule for his period of imprisonment.

By his answer dated August 28, 2007, Respondent concedes the writ should be granted, but argues that no relief should be ordered because the BOP will voluntarily "cease collection activity pursuant to the IFRP and will identify [Petitioner] as IFRP exempt."

In the recent string of Section 2241 petitions in this district raising similar issues regarding the payment of restitution during the period of imprisonment, Respondent has either agreed to voluntarily cease collecting restitution payments where the sentencing order does not set a schedule for payment of restitution during the period of incarceration, or to limit collection to the amount specified in the sentencing order. *See White v. Daniels*, 2007 WL 4210960 (D. Or. Nov. 26, 2007); *Haskins v. Daniels*, 2007 WL 4210913 (D. Or. Nov. 26, 2007); *Nelson v. Daniels,* 2007 WL 3128502 (D. Or. Oct. 22, 2007); *Wright v. Daniels,* 2007 WL 3125302 (D. Or. Oct. 22, 2007); *Putnam v. Daniels*, 2007 WL 2688243 (D. Or. Sept. 10, 2007); *Bowen v. Daniels,* 2007 WL 2608312 (D. Or. Sep. 3, 2007); *Fowler v. Daniels*, 2007 WL 2323306 (D. Or. Aug. 8, 2007); *Lemoine v. Daniels*, 2007 WL 2138601 (D. Or. July 20, 2007); *Dixey v. Daniels*, 2007 WL 1975806 (D. Or. July 5, 2007); *Jones v. Daniels*, 2007 WL 1959278 (D. Or. July 2, 2007); *Soroka v. Daniels*, 467 F.

3- OPINION AND ORDER

Supp. 2d 1097 (D. Or. Dec. 5, 2006).

In spite of Respondent's concesssions, writs were issued in every one of these cases because Respondent has not ceased collection of restitution payments from prisoners in the same position as Petitioner without a court order.  Accordingly, I once again issue the writ of habeas corpus, as the BOP's collection of restitution payments from this Petitioner contravenes the Mandatory Victims Restitution Act of 1996 (MVRA)[2].  *See United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003)(*Gunning I*), and *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*).

Petitioner is not entitled to any other relief beyond designation as "IFRP Exempt."  Contrary to his contentions, there is not any evidence he has been placed on "IFRP Refuse Status" or that any sanctions have been imposed upon him as a consequence of refusing to make restitution payments pursuant to the IFRP.  By all accounts, petitioner begrudgingly agreed to the restitution payment schedule in order to avoid sanctions.  In any event, to the extent Petitioner has been paying down his restitution sentence he is now in a better, not worse, position than he would have been in if not for the BOP's collection activity because he

---

[2] The MVRA states, in relevant part, "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid...". 18 U.S.C. § 3664(f)(2).

4- OPINION AND ORDER

has reduced his restitution debt.

## **CONCLUSION**

Based on the foregoing, Petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to designate Petitioner "IFRP Exempt."

IT IS SO ORDERED.

DATED this 20_ day of December, 2007.

                                  /s/   Malcolm F. Marsh
                                  Malcolm F. Marsh
                                  United States District Judge